1  Robert D. Shoecraft, Esq. (SBN – 96217)
   Michelle L. Burton, Esq. (SBN - 187152)
2  SHOECRAFT ♦ BURTON, LLP
   1230 Columbia Street, Suite 1140
3  San Diego, CA 92101
   Telephone: (619) 794-2280
4  Facsimile: (619) 794-2278
   lawyers@sbcivillaw.com
5  Attorneys for Defendants RUTHERFOORD
   INTERNATIONAL, INC. and RUTHERFOORD
6  FINANCIAL SERVICES, INC. dba RUTHERFOORD
   BENEFIT SERVICES
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SEAN LAKE, individually and as          )   Case No. 3:14-cv-2431-H-NLS
    executor to the ESTATE OF GLEN          )
12  DOHERTY; KATE QUIGLEY, an               )
    individual; BARBARA DOHERTY, an         )   **DEFENDANTS' MEMORANDUM**
13  individual; GREG DOHERTY, an            )   **OF POINTS AND AUTHORITIES**
    individual,                             )   **IN SUPPORT OF MOTION TO**
14                                          )   **DISMISS CLAIM FOR BREACH**
                     Plaintiffs,            )   **OF FIDUCIARY DUTY AND**
15                                          )   **MOTION TO STRIKE PRAYER**
         vs.                                )   **FOR ATTORNEYS' FEES**
16                                          )
    RUTHERFOORD INTERNATIONAL,              )
17  INC., a Marsh & McLennan Agency         )   Date:          November 24, 2014
    LLC, a Virginia Corporation;            )   Time:          10:30 a.m.
18  RUTHERFOORD FINANCIAL                   )   Courtroom:     15A
    SERVICES, INC., a Virginia              )   Judge:         Hon. Marilyn L. Huff
19  Corporation doing business as           )   Magistrate Judge: Hon. Nita L. Stormes
    RUTHERFOORD FINANCIAL &                 )
20  INSURANCE SERVICES, INC.; and           )
    DOES 1 through 100, inclusive,          )
21                                          )
                     Defendants.            )
22  _____ )

23  **I     INTRODUCTION AND SUMMARY OF ARGUMENT**

24         This case involves the tragic death of a patriotic American in a terrorist attack

25  in Benghazi, Libya on September 11, 2012.  Plaintiffs are the siblings, mother, and

26  executor of the Estate of Glen Doherty, a former Navy SEAL and contract agent with

27  the Central Intelligence Agency ("CIA").  But even sympathetic Plaintiffs cannot

28  plead claims not recognized by the law or seek damages not authorized by law.

The Complaint alleges that in January 2011, Glen Doherty contracted with the CIA "to perform civilian security work overseas in hazardous areas under combat-like circumstances" involving a "high degree of danger" and a "known risk of injury and/or death." The CIA informed Mr. Doherty he was required to obtain Defense Base Act ("DBA") insurance. "The Defense Base Act establishes a uniform, no-fault federal worker's compensation scheme for civilian contractors and their employees for injuries sustained while working outside of the continental United States." (*Harty v. Contintental Ins. Co.* (N.D. Cal. 2013) 2013 U.S. Dist. LEXIS 172412 at *4, citing *Kalama Serv., Inc. v. Dir., Office of Workers' Comp. Programs,* 354 F.3d 1085, 1090 (9th Cir. 2004).) The DBA includes provisions that limit an employee's recovery to the exclusive remedies provided in 42 U.S.C. § 1651 et seq. *(Id.* at *5.)

Plaintiffs allege Defendants are exclusive insurance brokers for various agencies and departments of the United States, including the CIA, for DBA insurance. According to the Complaint, Mr. Doherty did not understand DBA insurance but knew he was required to obtain it and told Defendants he wanted a policy similar to one issued to his friend and teammate, Tyrone Woods. Defendants procured the policy, which was issued by Continental Insurance Co. The Executor of Mr. Doherty's Estate, Plaintiff Sean Lake, later reported Mr. Doherty's death to Defendants. The DBA policy provided funeral expenses but no further benefits because Mr. Doherty did not have any "dependents" as defined the DBA policy.

Plaintiffs now bring this action against Defendants for professional negligence and breach of fiduciary duty, among other theories. California does not recognize a cause of action for breach of fiduciary duty against insurance brokers. Plaintiffs allege Defendants are all insurance brokers and were acting in this capacity at the time Mr. Doherty's DBA policy was procured. Defendants therefore move to dismiss the claim for breach of fiduciary duty on the grounds that it is not a cognizable legal theory. Alternatively, Defendants bring this motion to dismiss the claim for breach of

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIM FOR BREACH OF FIDUCIARY DUTY AND MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES

1  fiduciary duty on the ground it does not plead sufficient facts to support a cognizable

2  legal theory.

3        Additionally, Plaintiffs seek to recover their attorneys' fees in the prayer of

4  their Complaint at page 17, line 19, paragraph F reading, in part, "For attorneys' fees."

5  Plaintiffs have not and cannot plead a basis for the recovery of attorneys' fees and the

6  prayer for such relief must be stricken.

7  **II     MATERIAL ALLEGATIONS OF COMPLAINT**

8        Plaintiffs are the Executor of the Estate of Glen Doherty and his heirs, including

9  his mother and siblings. [Exhibit "A" to Docket No. 1, Complaint, p. 2, ¶¶ 3-6.][1]  In

10  January 2011, Mr. Doherty contracted with the CIA "to perform civilian security work

11  overseas in hazardous areas under combat-like circumstances" involving a "high

12  degree of danger" and a "known risk of injury and/or death." [Complaint, p. 5, ¶ 22,

13  lines 8-13.]  The CIA informed Mr. Doherty he was required to obtain Defense Base

14  Act ("DBA") insurance. [Complaint, p. 5, ¶ 22, lines 13-15.]

15        Defendants provide insurance brokerage services. [Complaint, p. 3, ¶ 11, lines

16  1-4.]  Defendants are the exclusive agent for the CIA for DBA insurance.

17  [Complaint, p. 3, ¶ 13, lines 15-19.]

18        Mr. Doherty contacted Defendants for purposes of obtaining the insurance.

19  [Complaint, p. 5, ¶ 23, lines 17-24.]  Mr. Doherty was purportedly confused by DBA

20  insurance but knew he had to acquire it and told Defendants he wanted a policy

21  similar to that of one of his teammates. [*Id.*]  Defendants procured the policy.

22  [Complaint, p. 6, ¶ 27, lines 8-12.]  Mr. Doherty "believed and understood" the policy

23  "would pay benefits to his loved ones upon his death while working overseas."

24  [Complaint, p. 6, ¶ 28, lines 13-16.]

25        The policy was renewed for the period January 2012 – January 2013.

26  [Complaint, p. 6, ¶ 31, lines 27-28.]  Mr. Doherty was killed in a terrorist attack on the

27  _____

28  [1] All further citations to the "Complaint" refer to Exhibit "A" to Docket No. 1,
Defendants' Notice of Removal and attached Exhibits.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIM FOR BREACH OF
FIDUCIARY DUTY AND MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES

1  CIA annex in Benghazi, Libya on September 12, 2012.  [Complaint, p. 8-9, ¶¶ 39 and

2  44.]

3         The Executor of Mr. Doherty's Estate, Plaintiff Sean Lake, notified Defendants

4  of his death.  [Complaint, p. 9, ¶ 45, lines 13-16.]   The DBA policy paid for the

5  funeral expenses but provided no further funds because Mr. Doherty did not have any

6  dependents, including a wife and children.  [Complaint, p. 9, ¶ 46, lines 17-24.]

7         Plaintiffs bring this action, alleging various theories, because the DBA policy

8  did not provide benefits to Mr. Doherty's Estate, his mother, Plaintiff Barbara

9  Doherty, or his siblings, Plaintiffs Kate Quigley and Greg Doherty.  One of those

10  causes of action is breach of fiduciary duty.  [Complaint, pp. 11-13, ¶¶ 58-64.]

11  Plaintiffs also seek to recover their attorneys' fees.  [Complaint, p. 17, line 19, ¶ F.]

12  **III    DISCUSSION**

13  **A. AUTHORITY FOR MOTION TO DISMISS**

14         Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss

15  a Complaint, or any claim therein, which fails to state a claim upon which relief can

16  be granted.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claim

17  under attack.  (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)  The court may

18  dismiss a claim as a matter of law for "lack of a cognizable legal theory."

19  (*Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1104 (9th Cir.

20  2008); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).)

21  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue

22  of law."  (*Starkle v. Wollrab*, 818 F. Supp. 2d 1231, 1236 (S.D. Cal. 2011), citing

23  *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).)

24         The Court may also dismiss a claim which does not plead sufficient facts to

25  support a cognizable legal theory.  (*Mendiondo v. Centinela Hospital Medical Center*,

26  supra, 521 F.3d at 1104.)  "To survive a motion to dismiss, a complaint must contain

27  sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on

28  its face.'"  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

1  (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

2  167 L. Ed. 2d 929 (2007).)

3     **B. THE SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY**

4          **DUTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

5          **GRANTED**

6      The second cause of action is for breach of fiduciary duty against all

7  Defendants.  The Complaint alleges Defendants are insurance brokers.  [Complaint, p.

8  3, ¶ 11, lines 1-2; p. 3, ¶ 13, lines 15-19; p. 7, ¶ 36, line 21; and p. 12, ¶ 61, line 9.]

9  Breach of fiduciary duty is not a cognizable legal theory against insurance brokers

10  such as Defendants.  Alternatively, Plaintiffs have not alleged sufficient facts to

11  support a claim for breach of fiduciary duty.

12     **1. Breach of Fiduciary Duty is Not a Cognizable Legal Theory Against**

13          **these Defendants.**

14      California does not recognize a cause of action for breach of fiduciary duty

15  against insurance brokers.  (*Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins.*

16  *Associates* (2004) 115 Cal.App.4th 1145, 1156-1159.)  The "relationship between an

17  insurance broker and its client is not the kind which would logically give rise to such a

18  duty.  The duty of a broker, by and large, is to use reasonable care, diligence, and

19  judgment in procuring the insurance requested by its client."  (*Id.* at 1157, citing

20  *Kotlar v. Hartford Fire Ins. Co.* (2000) 83 Cal.App.4th 1116, 1123.)  In *Mark Tanner*

21  *Construction, Inc. v. Hub International Ins. Services* (2014) 224 Cal. App.4th 574,

22  586 the Court explained that "other than when handling an insured's money, a broker's

23  duty—whether or not phrased as a fiduciary duty—is no greater than the duty to use

24  reasonable care and diligence in procuring insurance."

25      Additionally, Judicial Council of California Civil Jury Instruction ("CACI")

26  No. 4101 is entitled Breach of Fiduciary Duty - Failure to Use Reasonable Care -

27  Essential Elements.  The "Directions for Use" under CACI 4101 specifically states:

28  "This instruction is not intended for cases involving insurance brokers or agents."

1   As a result, Federal Courts in California routinely dismiss claims for breach of

2  fiduciary duty against insurance brokers.  The Courts decline to "expand the doctrine

3  of fiduciary duty to include insurance brokers, given that it has not been recognized by

4  California courts."  (*Miniace v. Pacific Maritime Association* (N.D. Cal. 2005) 2005

5  WL 2230149, 2005 U.S. Dist. LEXIS 40708, *34.)  In accord, *Motorist Commercial*

6  *Mutual Ins. Co. v. Soltis* (E.D. Cal.) 2013 U.S. Dist. LEXIS 181871 at *13 ["this

7  Court joins numerous others in refusing to expand the doctrine of fiduciary duty to

8  include insurance brokers."]  Also see, *Nor-Cal Products, Inc. v. XL Ins. America,*

9  *Inc.* (E.D. Cal. 2012) 2012 U.S. Dist. LEXIS 159964 at *2, 2012 WL 5425617

10  ["Because an insurance broker is not a fiduciary under California law, claims

11  denominated 'breach of fiduciary duty' are analyzed as professional negligence

12  claims."]   Since Plaintiffs' claim for breach of fiduciary duty against insurance

13  brokers is not a cognizable legal theory, the claim should be dismissed.

**2.  Plaintiffs Have Failed to State Sufficient Facts on which Relief Can Be Granted.**

16   Alternatively, Plaintiffs have failed to allege sufficient facts to state a claim for

17  breach of fiduciary duty against an insurance broker.  "In order to plead a claim for

18  breach of fiduciary duty, the claimant must allege (1) the existence of a fiduciary

19  relationship giving rise to a fiduciary duty, (2) breach of that duty, and (3) damage

20  proximately caused by the breach."  (*Motorist Commercial Mutual Ins. Co. v. Soltis,*

21  supra, 2013 U.S. Dist. LEXIS 181871 at *12, citing *Pierce v. Lyman* (1990) 1

22  Cal.App.4th 1093, 1101.)   Here, the Complaint is devoid of facts that would support

23  the formation of a fiduciary relationship.  In fact, the allegations on which Plaintiffs

24  rely to state a claim for breach of fiduciary duty are the same allegations on which

25  they rely to state a claim for professional negligence.  For example, the Complaint at

26  paragraph 59, pages 11-12, in the breach of fiduciary duty cause of action alleges that

27  Mr. Doherty informed Defendants of his "confusion and lack of sophistication

28  regarding his insurance needs" and "in reliance on Defendants' stated expertise,"

1    referred Defendants to a policy obtained by co-worker Tyrone Woods.  These same

2    allegations, in the same words, appear in paragraph 51, page 10, in the negligence

3    cause of action.

4         As further examples, Plaintiffs allege a "special relationship" existed between

5    Mr. Doherty and Defendants in both the breach of fiduciary cause of action

6    [Complaint, ¶ 60, p. 12, line 5] and in the negligence cause of action [Complaint, ¶ 53,

7    p. 10, line 25].  The alleged negligence consists of Defendants' failure to advise Mr.

8    Doherty that "other than funeral benefits, the DBA policy would not pay benefits on

9    his death."  [Complaint, ¶ 55, p. 11, lines 6-8.]  The alleged breaches of fiduciary duty

10   include Defendants' failure to disclose the "nature and scope of insurance coverage

11   provided" after accepting an assignment to procure insurance.  [Complaint, ¶ 62, p.

12   12, lines 13-25.]  The alleged breaches of fiduciary duty simply re-state the breaches

13   of duty under the negligence cause of action.

14        The plaintiff in *Wu v. Mt. Hawley Ins*. (N.D. Cal.) 2011 U.S. Dist. LEXIS

15   124551 at *8 made substantively the same allegations as Plaintiffs do in the

16   Complaint currently before the Court.  Plaintiff alleged "Defendants breached their

17   fiduciary duty to him because 'as plaintiff's agent,' they had a duty to disclose to him

18   that the Policy was 'not . . . sufficient coverage for AEC and the type of business

19   operations of said company." (*Ibid*.)  The Court explained that "an insured's request

20   for 'sufficient coverage' and an agent's assurance that the policy provided 'adequate'

21   coverage do not . . . imply an expanded principal-agent relationship." (*Id*. at *7, citing

22   *Jones v. Grewe* (1987) 189 Cal.App.3d 950, 956.)  The Court concluded "[t]hese

23   assertions do not present a cognizable legal theory upon which the court may grant

24   relief" for breach of fiduciary duty.  (*Id*. at *8.)

25        Based on the foregoing authority, Defendants request that the Court dismiss the

26   breach of fiduciary duty claim on the ground it fails to state facts on which the Court

27   may grant relief.  The breach of fiduciary duty claim is just a disguised claim for

28   professional negligence.

## C. AUTHORITY FOR MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Fed.R.Civ.P. 12(f).) "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).) The Court will strike portions of a Complaint when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (*Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1112 (S.D. Cal. 2006).) A "motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." (*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996).)

This District Court has stricken claims for attorneys' fees when they are unsupported by the law. See, *Moya v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 50548 at *17-18 [court strikes request for attorney's fees where complaint fails to allege "a contractual basis or statutory authorization" to support such request, citing Cal. Code Civ. Pro. § 1021]; *Logan v. VSI Meter Services*, 2011 U.S. Dist. LEXIS 75544 at * 12-13 [court strikes request for attorney's fees when Plaintiff does not plead any basis for such an award]; *Cantu v. SAC International Steel, Inc.*, 2010 U.S. Dist. LEXIS 91383 at *12-13 ["Plaintiff concedes there is no statute or contract which entitles him to an award of attorney's fees and therefore the Court GRANTS Defendant's motion to strike this prayer for relief."]

Plaintiffs in the case currently before the Court likewise pray for attorneys' fees but do not plead a basis for such an award. Defendants therefore request that the Court strike all references to attorneys' fees in the prayer at paragraph F, page 17, line 19 reading: "F. For attorneys' fees. . . ."

8

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIM FOR BREACH OF FIDUCIARY DUTY AND MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES

## D. THERE IS NO STATUTE OR CONTRACT AUTHORIZING AN AWARD OF ATTORNEYS' FEES IN THIS CASE.

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." (*Trope v. Katz* (1995) 11 Cal.4th 274, 278, citing *United Services Auto. Assn. v. Dalrymple* (1991) 232 Cal.App.3d 182, 187.) "This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." (*Gray v. Don Miller & Associates, Inc*. (1984) 35 Cal.3d 498, 504.) "[U]nless a suit is brought on a contract providing for attorney fees, the court has no power to award attorney fees to the prevailing party." (*Metzger v. Silverman* (1976) 62 Cal.App.3d Supp. 30, 37.)

A claim under California's Unfair Competition Law ("UCL") does not support an award of attorneys' fees. (*People ex rel. City of Santa Monica v. Gabriel* (2010) 186 Cal.App.4th 882, 889 and authorities cited therein.) Also see, *Walker v. Countrywide Home Loans, Inc*. (2002) 98 Cal.App.4th 1158, 1179 ["The unfair competition law does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution."] Under the UCL, "Plaintiffs may not receive damages, much less treble damages, or attorney fees." (*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co*. (1999) 20 Cal.4th 163, 179.)

Since Plaintiffs have not and cannot plead a basis for their prayer for attorneys' fees, it must be stricken.

## IV   CONCLUSION

Based on the foregoing, Defendants request that the Court dismiss the second cause of action for breach of fiduciary duty. Plaintiffs should not be given an opportunity to amend because breach of fiduciary duty against an insurance broker is not a cognizable legal theory. Defendants further request that the Court strike

1  Plaintiffs' prayer for attorneys' fees at paragraph F, page 17, line 19 reading: "F. For

2  attorneys' fees. . . ."

3                                          SHOECRAFT ♦ BURTON, LLP

4

5  Dated: October 16, 2014                By:

6                                          Robert D. Shoecraft, Esq.

7                                          Michelle L. Burton, Esq.

8                                          Devin T. Shoecraft, Esq.
                                           Attorneys for Defendants RUTHERFOORD
9                                          INTERNATIONAL, INC. and
                                           RUTHERFOORD FINANCIAL SERVICES,
10                                         INC. dba RUTHERFOORD BENEFIT
                                           SERVICES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIM FOR BREACH OF
FIDUCIARY DUTY AND MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES