Robert D. Shoecraft, Esq. (SBN – 96217)
Michelle L. Burton, Esq. (SBN - 187152)
Devin T. Shoecraft, Esq. (SBN – 255489)
SHOECRAFT ♦ BURTON, LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 794-2280
Facsimile: (619) 794-2278
lawyers@sbcivillaw.com
Attorneys for Defendants RUTHERFOORD INTERNATIONAL, INC. and RUTHERFOORD FINANCIAL SERVICES, INC. dba RUTHERFOORD BENEFIT SERVICES

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LAKE, individually and as executor to the ESTATE OF GLEN DOHERTY; KATE QUIGLEY, an individual; BARBARA DOHERTY, an individual; GREG DOHERTY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>RUTHERFOORD INTERNATIONAL, INC., a Marsh & McLennan Agency LLC, a Virginia Corporation; RUTHERFOORD FINANCIAL SERVICES, INC., a Virginia Corporation doing business as RUTHERFOORD FINANCIAL & INSURANCE SERVICES, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:14-cv-2431-H-NLS<br><br>**DEFENDANTS' AMENDED REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS CLAIM FOR BREACH OF FIDUCIARY DUTY AND MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES**<br><br>Date:          November 24, 2014<br>Time:         10:30 a.m.<br>Courtroom:  15A<br>Judge:        Hon. Marilyn L. Huff<br>Magistrate Judge: Hon. Nita L. Stormes |

Defendants Rutherfoord International, Inc. and Rutherfoord Financial Services, Inc. dba Rutherfoord Benefit Services (collectively "Defendants") respectfully submit the following reply to Plaintiffs' opposition to Defendants' motion to dismiss.

///

///

I.  A BROKER'S "SPECIAL" DUTY OF CARE IS NOT A <u>FIDUCIARY</u> DUTY.

A.  Introduction.

Plaintiffs' opposition demonstrates the absence of any dispute between the parties that under three specific factual circumstances, California law can impose a "special duty" upon insurance brokers to advise clients as to the sufficiency of their coverage. When one or more of these circumstances arise, this "special" duty expands the scope of the broker's general duty of care, which is otherwise limited to procuring "agreed-upon" coverage – the specific coverage the insured requests and the broker agrees to procure.

For example, looking to the allegations in Plaintiffs' complaint, Plaintiffs allege Mr. Doherty requested Defendants procure him a DBA policy [Complaint at ¶ 23] and further allege Defendants did indeed procure a DBA policy for him [Complaint at ¶ 27]. If these were the only allegations in the complaint, Defendants would be entitled to dismissal of Plaintiffs' entire action, as Plaintiffs have effectively conceded Defendants met their "general" duty of care as a matter of law.

However, Plaintiffs also allege, among other things, that Defendants "represent" themselves as "having exclusive expertise in DBA policies and issues." [Complaint at ¶ 15] One of the three exceptions to the general rule that can trigger a broker's "special" duty to advise a client as to the sufficiency of coverage is if the broker "holds himself out" as having "expertise" in the field of insurance sought by the client. Consequently, Plaintiffs' allegations (which must be presumed true on a motion to dismiss) that Defendants failed to properly advise Mr. Doherty as to the sufficiency of his coverage are, arguably, sufficient to state a *prima facie* claim for breach of this "special" duty of care. Indeed, for this reason alone, Defendants have not moved to dismiss Plaintiffs' entire action at the pleading stage.

But, as demonstrated by their opposition to Defendants' motion, what Plaintiffs fail to appreciate is that this "special" duty is not a "fiduciary" duty, and a broker

marketing its "expertise" does not create a fiduciary relationship with each and every client on the basis of such marketing. To the contrary, the nature of this "special" duty is a *professional* duty of care, governed solely by negligence principles. This point is confirmed by the very authorities cited in Plaintiffs' opposition. Consequently, Plaintiffs' second cause of action alleging a breach of fiduciary duty is properly subject to dismissal. Moreover, because no fiduciary relationship can exist between a broker and a client as a matter of law, this cause of action should be dismissed without leave to amend.

### B. Plaintiffs' Complaint Sounds In Negligence.

California law is "well settled" that insurance brokers "owe a limited duty to their clients, which is only 'to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured.'" (*Mark Tanner Constr. v. Hub Internat. Ins. Servs.*, 224 Cal.App.4th 574, 584 (2014); citing *Jones v. Grewe,* 189 Cal.App.3d 950, 954 (1987)). The broker "assumes only those duties normally found in any agency relationship" and "[t]he mere existence of such a relationship imposes no duty on the agent to advise the insured on specific insurance matters." (*Jones, supra,* 189 Cal.App.3d at 954.)

Thus, "in the ordinary case, 'the onus is … squarely on the insured to inform the agent of the insurance he requires.'" (*Wallman v Suddock,* 200 Cal.App.4th 1288, 1309 (2011); citing *Papers Savers, Inc. v. Nasca,* 51 Cal.App.4th 1090, 1096 (1996)) If a broker does no more than agree to procure the insurance the client requests, the broker's duty of care is limited to carrying out that agreement, and the "failure to procure agreed-upon coverage is actionable negligence." (*Wallman, supra,* 200 Cal.App.4th at 1309.) Plaintiffs do not dispute the foregoing. [Opposition at 5:24-25]

While under the general rule a broker "does not have a duty to volunteer to an insured that the latter should procure additional or different insurance coverage[,]" "[t]he rule changes, however, when – *but only when* – one of the following three things happens:

>   (a) the [broker] misrepresents the nature, extent or scope of the coverage being offered or provided … , (b) there is a request or inquiry by the insured for a particular type or extent of coverage … , or (c) the [broker] assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured."

(*Fitzpatrick v. Hayes,* 57 Cal.App.4th 916, 927 (1997); *Pacific Rim Mechanical Contractors, Inc. v. Aon Risk Ins. Services West, Inc.,* 203 Cal.App.4th 1278, 1283 (2012).)

Under this rule of law, which Plaintiffs characterize as the "'special relationship' exception" [Opposition at p. 5:24-6:18, and fn. 1], "[a]n insurance agent may assume a greater duty to the insured," and a corresponding "special duty arises requiring them to use reasonable care." (*Wallman, supra,* 200 Cal.App.4th at 1309; citing *Free v. Republic Ins. Co.,* 8 Cal.App.4th 1726, 1729 (1992).)

Defendants do not entirely dispute Plaintiffs' contention [Opposition at p. 7:2-10:1] that the complaint alleges facts arguably sufficient to trigger at least one of the three exceptions giving rise to a "special" duty. Plaintiffs allege that Defendants market their "expertise" in DBA insurance [Complaint at ¶¶ 13- 21, p. 3:13-5:21]. These allegations, which are presumed true on a motion to dismiss, suggest Defendants "assume[d] an additional duty by … 'holding [themselves] out' as having expertise in a given field of insurance being sought by the insured." (*Fitzpatrick, supra,* 57 Cal.App.4th at 927.[1])

---

[1] Plaintiffs also assert, incorrectly, that the complaint contains factual allegations sufficient to trigger the other two exceptions to the general rule. First, Plaintiffs assert Mr. Doherty "requested a specific type of coverage;" "[s]pecifically," "a DBA insurance policy," "like that of his friend Tyrone Woods." [Opposition at 7:12-15] But Plaintiffs do not dispute Defendants procured the exact policy Mr. Doherty requested: a DBA policy, like that of his friend Tyrone Woods. Plaintiffs do not allege that Mr. Doherty requested Defendants procure, *e.g.,* a life insurance policy or a similar product that would benefit his non-dependent, adult siblings and mother. Second, Plaintiffs assert they "plead extensive facts" in relation to "marketing" DBA policies that show Defendants "misrepresented" the "nature, extent, or scope of

What Plaintiffs evidently fail to appreciate, however, is that the nature of the "duty" triggered by the existence of one or more of the three "exceptions" to a broker's generally "limited" duty of care is <u>not</u> a "fiduciary" duty – it is simply a heightened *professional duty of care*, the tortious breach of which gives rise to a claim sounding in negligence, not breach of fiduciary duty.

This point is confirmed by the authorities relied upon by Plaintiffs, beginning with *Fitzpatrick v. Hayes* [Opposition at p. 5:24-6:18], which, as noted above, identifies the three exceptions to the "general proposition" that "an insurance agent does not have a duty to volunteer to an insured that the latter should procure additional or different insurance coverage." (*Fitzpatrick, supra,* 57 Cal.App.4th at 927.) After noting this general rule, *Fitzpatrick* then goes on to identify the "only" three exceptions to this general rule. *Ibid.*

But *Fitzpatrick* does not speak in terms of "fiduciary" relationships, or characterize the broker's duty to advise the insured on insurance matters that is triggered by these exceptions as a "fiduciary" duty. *Fitzpatrick* does not suggest that a broker, by acknowledging an insured's request for a "particular type or extent of coverage," or by "holding himself out" as having expertise in a given insurance field, is suddenly "duty bound to act with the utmost good faith for the benefit of the [insured]." (*Wolf v. Sup. Ct.*, 107 Cal.App.4th 25, 29-30 (2003) (explaining duties of a fiduciary)). The broker's duty when these exceptions arise is not a wide-ranging "duty of undivided loyalty" (*Wolf, supra,* 107 Cal.App.4th at 30) – it is a duty to advise an insured on whether he or she "should procure additional or different insurance coverage." (*Fitzpatrick, supra,* 57 Cal.App.4th at 927.)

Plaintiffs cite *Eddy v. Sharp*, 199 Cal.App.3d 858, 865 (1988) [Opposition at p.

---

coverage being offered and provided." [Opposition at p. 10:2-11:5] But none of the allegations relating to "marketing" [summarized in the Opposition at p. 8:26-9:12] involve any "representations" by Defendants as to the "nature, extent, or scope" of DBA coverage. Nor do Plaintiffs allege any misrepresentations by Defendants to Mr. Doherty regarding the "nature, extent, or scope" of DBA coverage.

5

DEFENDANTS' AMENDED REPLY TO OPPOSITION TO MOTION TO DISMISS / MOTION TO STRIKE

5, n. 1] wherein California's Third Appellate District "commented in dicta that under agency principles, the broker had 'not only a fiduciary duty but an obligation to use due care.'" *Mark Tanner Const., supra,* 224 Cal.App.4th at 585. In a more recent 2014 holding, in *Mark Tanner Construction,* the Third District clarified that "a broker's duty – whether or not *phrased* as a fiduciary duty – is no greater than the duty to use reasonable care and diligence in procuring insurance." (*Id.* at 586 (italics added)). While Defendants do not suggest the scope of a broker's duty to use "reasonable care and diligence" is insignificant, it is clearly not comparable to the much broader scope of a true fiduciary's duties to its principal.

      Plaintiffs also cite to cases interpreting California Insurance Code sections 1733 and 1734 [Opposition at p. 5, 6, n. 1], which do impose "fiduciary" duties upon brokers in a very specific and limited context: when *insurance premiums* are paid by an insured to a broker, such funds are received and held by a broker in a fiduciary capacity. (*Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates*, 115 Cal.App.4th 1145, 1158; *Middlesex Ins. Co. v. Mann,* 124 Cal.App.3d 558, 570 (1981)).

      But otherwise, the "relationship between an insurance broker and its client is not the kind which would logically give rise to such a duty. The duty of a broker, by and large, is to use reasonable care, diligence, and judgment in procuring the insurance requested by its client." (*Hydro-Mill Co., Inc., supra,* 115 Cal.App.4th at 1157.) "[O]ther than when handling an insured's money," no "fiduciary" relationship exists. (*Mark Tanner Const., supra,* 224 Cal.App.4th at 585.) Although Plaintiffs correctly note the complaint alleges Mr. Doherty made premium payments directly to Defendants [Opposition at p. 5, fn. 1], the complaint does <u>not</u> allege Defendants breached any fiduciary duties relative to those payments by, *e.g.,* misappropriating, losing, or otherwise failing to remit the funds to the insurer on Mr. Doherty's behalf. Plaintiffs' cause of action for "breach of fiduciary duty" is in no way related to Defendants' fiduciary duties under Sections 1733 and 1734 of the Insurance Code.

Plaintiffs next cite *Free v. Republic Ins. Co.*, 8 Cal.App.4th 1726 (1992) [Opposition at 7:3-24], where the Court discusses the broker's "special duty" to "use reasonable care" that arose after the broker "elected to respond" to an insured's inquiry "regarding the sufficiency of his liability limits or the replacement value of his residence." (*Id.* at 1729.) But in *Free*, "plaintiff's claim [was] one for general negligence." (*Id.* at 1730.) The "special duty" discussed in *Free* is the same duty Plaintiffs allege was breached in their first cause of action for professional negligence. In neither case is this duty a "fiduciary" duty.

Plaintiffs next cite *Kurtz, Richards, Wilson & Co. v. Insurance Communications Marketing Corp.*, 12 Cal.App.4th 1249, 1257 (1993) [Opposition at p. 7:25-8:10] where the broker "assumed" a "special duty of care" when it held itself out as a MediCare expert. Based on this allegation, the court found the insured's cross-complaint stated a cause of action for *negligence*. (*Ibid.*) This holding says nothing at all about a broker having "fiduciary" duties.

Plaintiffs cite *Westrick v. State Farm Insurance*, 137 Cal.App.3d 685, 691-692 (1982) [Opposition at p. 9:23-27], which discusses an "affirmative duty of disclosure" arising in the context of an insurer's "duty of good faith and fair dealing." *Westrick* does not discuss or impose "fiduciary" duties on brokers.

Finally, Plaintiffs cite *Paper Savers, Inc. v. Nasca*, 51 Cal.App.4th 1090 (1996) [Opposition at 10:4-11:5], which held that a broker "may also assume a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage." (*Id.* at 1096-1097.) As with the above cases, this was yet another "negligence" case: the broker allegedly "negligently represented the effect of the 'replacement cost coverage' endorsement, and thereby assumed a special duty toward [the insured]." (*Id.* at 1094.) Consistent with all of the other authorities cited by Plaintiffs, this case concerns a broker's professional duties of care, and does not discuss, or impose, any duties arising out of a "fiduciary" relationship.

In sum, Plaintiffs' belief that a "special duty" equates with a "fiduciary duty" is

simply incorrect. The authorities cited by both parties uniformly hold that under California law, the "special duty" imposed upon a broker under the three "special" circumstances discussed herein is a duty limited to principles of negligence law. It is not a broad, wide-ranging duty of "undivided loyalty," compelling a broker to put the interests of the client above all other considerations. It is simply a "duty to use reasonable care and diligence in procuring insurance." (*Mark Tanner Const., supra,* 224 Cal.App.4th at 586.)

Consequently, Plaintiffs have failed to allege facts sufficient to state a claim against Defendants for "breach of fiduciary duty." In California, as a matter of law, an insurance broker does not have a fiduciary relationship with its clients. (*Koltar v. Hartford Fire Ins. Co.,* 83 Cal.App.4th 1116, 1123 (2000).) Instead, like any other professional, an insurance broker is subject to a particular professional standard of care, which can, under limited circumstances, impose a duty upon the broker to recommend additional or different insurance coverage to a client. Breach of this duty may give rise to negligence liability, but in no reported decision has it been found to support an independent cause of action for "breach of fiduciary duty."

## II   CONCLUSION

Based on the foregoing, Defendants respectfully request the Court dismiss the second cause of action for breach of fiduciary duty. Plaintiffs should not be given an opportunity to amend because breach of fiduciary duty against an insurance broker is not a cognizable legal theory.

///

///

///

By this motion, Defendants have also requested that the Court strike Plaintiffs' prayer for attorneys' fees. This request is not opposed by Plaintiffs. [Opposition at p. 12:5-6]

                                          SHOECRAFT ♦ BURTON, LLP

Dated: November 17, 2014      By: _____
                                            Devin T. Shoecraft, Esq.
                                            Attorneys for Defendants RUTHERFOORD
                                            INTERNATIONAL, INC. and
                                            RUTHERFOORD FINANCIAL SERVICES,
                                            INC. dba RUTHERFOORD BENEFIT
                                            SERVICES